**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-00705 MMM (MLGx) | Date | September 21, 2009 |

| | |
|---|---|
| Title | *William G. Hunt v. County of Orange et al.* |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order Denying Defendants' *Ex Parte* Application to Continue Trial Date and for Leave to File a Motion for Summary Judgment**

On September 17, 2009, defendants County of Orange and Michael S. Carona filed an *ex parte* application for an order modifying the court's scheduling order to continue trial for sixty days. Defendants also seek leave to file an additional motion for summary judgment.[1] Defendants maintain that additional time is required to provide the "substantial additional briefing" needed regarding defendants' motion *in limine* to exclude certain character evidence and defendants' Hatch Act defense, and to revise the proposed final pretrial conference order and submit pretrial documents such as a modified exhibit list and estimates of trial time.[2] Defendants also seek leave to file a motion for summary judgment addressing whether Carona is entitled to qualified immunity in light of the court's tentative conclusion that Hunt's status as a policymaker may not be dispositive of his First Amendment claim.[3]

Plaintiff opposes defendants' application. *Ex parte* relief is appropriate if "the evidence . . . show[s] that the moving party's cause will be irreparably prejudiced if the underlying motion is heard

---

[1] Ex Parte Application for an Order Modifying the Scheduling Corder in this Matter, Continuing the Trial Date for 60 Days, and for Leave to File a Motion for Summary Judgment ("Ex Parte App."), Docket No. 118 (Sept. 17, 2009).

[2] *Id.* at 2.

[3] *Id.* at 3-4.

according to regular noticed motion procedures," and if "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Gas Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). See also *S.E.C. v. Private Equity Management Group, Inc.*, No. CV 09-2901 PSG (Ex), 2009 WL 1444229, *1 (C.D. Cal. May 21, 2009) ("In order to justify ex parte relief, the evidence must establish two things. First, that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. . . . Second, that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect," citing *Mission Power*, 883 F.Supp. at 492 (citation omitted)); *Costner v. MRA Funding Corp.*, No. CV 09-649 PSG (Ex), 2009 WL 1106815, *1 (C.D. Cal. Apr. 23, 2009) ("To justify ex parte relief, the moving party must demonstrate that it will be irreparably prejudiced if the underlying motion is heard according to regular notice motion procedures. . . . Additionally, the moving party must show that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect").

As respects defendants' request for leave to file a motion for summary judgment, plaintiff argues that defendants will not be prejudiced because they will have the opportunity to request a qualified immunity determination in the context of a Rule 50 motion for judgment following the close of plaintiff's case at trial.[4] Plaintiff also argues that defendants are at fault for creating the situation that requires *ex parte* relief. Specifically, he asserts that defendants could previously have raised the issue of qualified immunity in a motion to dismiss or motion for summary judgment. Defendants counter that they did not raise qualified immunity in either motion because they believed that their policymaker defense would be dispositive of the case.[5] They took this position despite the fact that neither Judge Guilford nor this court had expressed any views concerning qualified immunity (nor concerning the dispositive nature of the policymaker inquiry), and despite the fact that in a related case involving the same defendants, Judge Selna expressly noted the point the court addressed in its tentative order on the motions *in limine* – i.e., that whether the plaintiff in that case could be deemed a policymaker was an inquiry that involved assessing whether political loyalty was appropriately considered a requirement of his job. *Bardzik v. County of Orange*, 605 F.Supp.2d 1076, 1080 (C.D. Cal. 2009). Judge Selna also noted that even if the plaintiff were found to be a policymaker, there was a subsidiary question as to whether the retaliation in which defendants engaged was the least restrictive means of protecting a vital government interest. *Id.* at 1084 n. 8.

"A sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success

---

[4]Plaintiff William J. Hunt's Opposition to Defendants' *Ex Parte* Application for an Order Modifying the Scheduling Corder in this Matter, Continuing the Trial Date for 60 Days, and for Leave to File a Motion for Summary Judgment ("Pl.'s Opp.") Docket No. 119 (Sept. 18, 2009) at 3.

[5]*Id.*

on the merits." *Jamdat Mobile Inc. v. Jamster International Sarl Ltd.*, No. CV 05-3945 PA (FMOx), 2005 WL 5960924, *1 (C.D. Cal. Oct. 4, 2005) (quoting *Mission Power*, 883 F.Supp. at 492). Defendants have failed to demonstrate a likelihood of success on the merits of the summary judgment motion they seek to file. Defendants contends that if plaintiff is found to be a policymaker, then it was not clearly established that it was illegal for Carona to retaliate by demoting him.[6] Defendants do not address, however, the possibility that plaintiff may establish that he is not a policymaker. Were the court to permit defendants to file a motion for summary judgment addressing qualified immunity, it would have to resolve the outstanding fact questions regarding Hunt's policymaker status in his favor and determine that he was *not* a policymaker for purposes of conducting the qualified immunity analysis. This would necessitate denial of the motion, because it was clearly established in 2006 that a public employer could not retaliate against a non-policymaker based on his political views. See *Thomas v. Carpenter*, 881 F.2d 828, 829 (9th Cir. 1989) (finding that a police lieutenant was not a policymaker, and so retaliation against him after he unsuccessfully campaigned for sheriff violated the First Amendment). Defendants' proposed motion, therefore, does not have a high likelihood of success on the merits.

For this reason, the court agrees with plaintiff that defendants will not be irreparably prejudiced if their *ex parte* request for leave to file an additional motion for summary judgment is denied. The court also agrees that defendants have not shown that they are not responsible for creating the "crisis" from which they now seek relief.

As respects the additional filings the court requested at the September 14, 2009 pretrial conference, they result from the parties' failure to provide the court with sufficient information to decide the motions *in limine* that were filed, and defendants' failure to provide authority and discussion of the affirmative defenses they assert in their memorandum of contentions of fact and law. The court's directive that the parties confer and submit joint jury instructions, a verdict form, special interrogatories, a statement of the case and voir dire questions is in no way extraordinary; it merely requires the parties to engage in typical pretrial preparation. The same is true of the court's order directing the parties to file estimates of time for direct and cross-examination of witnesses. None of the court's orders justifies continuing the trial.

## CONCLUSION

For the reasons stated, the defendants' *ex parte* application is denied.

---

[6]*Ex Parte* App. at 7-8.