STEPHEN H. SILVER, ESQ.; State Bar No. 038241
shsilver@shslaborlaw.com
RICHARD A. LEVINE, ESQ.; State Bar No. 091671
rlevine@shslaborlaw.com
SILVER, HADDEN, SILVER, WEXLER & LEVINE
1428 Second Street, Suite 200
P. O. Box 2161
Santa Monica, CA 90407-2161
(310) 393-1486 Telephone
(310) 395-5801 Fax

Attorneys for Plaintiff, WILLIAM J. HUNT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HUNT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; MICHAEL S. CARONA, Sheriff-Coroner for the County of Orange; DOES I - XX, Inclusive,<br><br>　　　　Defendants. | Case No. SACV 07-705-MMM (MLGx)<br><br>**PLAINTIFF'S PROPOSED STATEMENT TO THE JURY**<br><br>Trial Date:　　October 13, 2009<br>Time:　　　　 8:30 a.m.<br>Courtroom:　　780 Roybal<br>Hon. Margaret M. Morrow<br><br>[Complaint filed 6/18/07] |

This is a case brought by Plaintiff William Hunt against the Defendants County of Orange and Michael Carona.

Plaintiff contends that the Defendants violated his First Amendment right by retaliating against him for exercising his constitutionally protected speech and/or political activity during his 204-2006 election campaign for the office of Orange County Sheriff-Coroner against Michael Carona, who was then the incumbent Sheriff. Prior to and during the period of the election campaign, Plaintiff was a Lieutenant in the Orange County Sheriff's Department and was assigned by the

Sheriff's Department to the position of Chief of Police Services for the City of San Clemente which contracted with the Sheriff's Department for law enforcement services to its City.

The assignment as Chief of Police Services for the City of San Clemente involved managing approximately 50 employees of the Orange County Sheriff's Department assigned to the City of San Clemente community. Plaintiff's duties and scope of authority were governed by the rules and regulations for the Orange County Sheriff's Department. Plaintiff was supervised by a Captain for South Operations of the Orange County Sheriff's Department who also supervised approximately 10 other Lieutenants assigned as Chiefs of Police Services by the Sheriff's Department to other contract cities within the County of Orange. In addition, the South Operations Captain was supervised by the Assistant Sheriff who in turn was supervised by the Sheriff. There existed a chain of command of communications in the Orange County Sheriff's Department between the ranks.

. Lieutenants of the Orange County Sheriff's Department assigned as Chiefs of Police Services, as well as Captains supervising such Chiefs of Police Services, had no authority to formulate or modify Sheriff's Department Rules, nor discretion to implement such Rules and could only request changes to Sheriff's Department policy through the chain of command. In the event a Lieutenant or Captain failed to enforce the Sheriff's Department Rules, such employee would be subject to investigation and disciplinary action. Chiefs of Police Services do not formulate the budget for law enforcement services in their contract City, nor recommend or determine discipline against their subordinate employees, nor render decisions on grievances, nor make decisions to hire.

A Chief of Police Services, as any other employee of the Sheriff's

Department, would have no discretion to bind the Sheriff to any subject matter regarding law enforcement services, nor otherwise to speak for the Sheriff, unless specifically so authorized or directed through the chain of command. As a practical matter, no employee would be directed to speak for the Sheriff, with the exception of an Assistant Sheriff, and then only if so authorized by the Sheriff.

City Manager(s) in the City of San Clemente discouraged the Chief of Police Services from injecting themselves into local partisan politics or generally having direct contact with City Councilpersons. The City Manager would be the primary contact between the City Council and the Sheriff's Department.

During the course of the political campaign, Plaintiff issued public statements, radio addresses, press releases, and disseminated campaign literature in print and through the internet involving matters of public concern involving Defendant Carona and the Carona Administration, including scandals, corruption, cronyism, and mismanagement, as well as addressing relevant law enforcement issues in the community and presenting his vision for an improved Sheriff's Department under new leadership.

On June 6, 2006, the election for Orange County Sheriff-Coroner was conducted in which Defendant Carona was re-elected as Sheriff. On June 7, 2006 Defendants placed Plaintiff on administrative leave pending a personnel investigation as to Plaintiff's speech and conduct during the election campaign.

On December 22, 2006, Defendants served Plaintiff a Notice of Demotion notifying Plaintiff of his demotion from Lieutenant to the rank of Deputy Sheriff II, as well as his reassignment as Chief of Police Services for the City of San Clemente based on identified violations of the Sheriff's Department Manual of Rules and Regulations by reason of Plaintiff's campaign statements and conduct.

After issuance of the Notice of Demotion, but prior to the effective date of the discipline, Plaintiff retired from the Orange County Sheriffs Department. Plaintiff contends that Defendants' actions caused his constructive discharge due to the humiliating and intolerable involuntary change of his working conditions from Lieutenant to Deputy Sheriff.. Plaintiff seeks damages against the Defendants County of Orange and Michael Carona as the result of his actions in this matter.

Defendant denies that Plaintiff's speech and conduct during the election for which he was demoted was protected by the First Amendment for a number of reasons. First, Plaintiff was one of only 12 Chiefs of Police Services in the Department, and his job duties and activities put him in a critical role as someone charged with carrying out and supporting the policies of the Department and its personnel. He was actively engaged with the political leaders and staff of the City of San Clemente, serving as their Chief of Police and representing the Sheriff and the Sheriff's Department as their representative in the City. Plaintiff attended Council Meetings, Department Head Meetings and appeared at multiple community functions as the representative of the Sheriff. He was responsible for all police operations in the City of San Clemente, as well as involved in several regional law enforcement efforts. He sought, obtained and implemented federal funding to use for law enforcement purposes in the City of San Clemente and reviewed and drafted ordinances and other policy documents for the City. He was also actively engaged in policy committees, both within and outside the Sheriff's Department as its representative. Thus, his support of the policies of the and his loyalty to the Department and its personnel was critical to avoid undermining public confidence and morale in the Department.

Plaintiff's speech and conduct during the campaign included publically criticizing the top leadership of the Department, suggesting that only those who

supported Sheriff Carona in his campaign or with contributions were promoted. In fact, Plaintiff himself was promoted by Sheriff Carona, though he never supported Sheriff Carona or contributed in any way to his campaigns. He criticized various Department policies, including many which were his responsibility to support and implement. Plaintiff also publically commented on pending criminal and personnel investigations, in violation of state laws protecting peace officers under his and others' command. Specifically, he made statements to the press concerning two officer-involved deaths, exposing the County, the Department and individual Sheriff's Deputies to liability and public scorn, even though he had no personal knowledge of the incidents themselves or whether any lawsuits were pending regarding those deaths. While identifying himself as a law enforcement executive and leader in the Department, he actively and repeatedly criticized the entire leadership of the Department, undermining the authority of those in command and creating morale issues inside the Department.

Defendant Carona contends that he acted lawfully in disciplining Plaintiff, who chose to retire instead of appealing his demotion as he was permitted to do. Plaintiff was not terminated by the Sheriff or the County of Orange, but instead voluntarily retired rather than accept the discipline appropriately meted out to him or to seek further review of that demotion. Defendants seek a determination that the discipline imposed upon Plaintiff for his conduct was lawful and that Plaintiff is not entitled to any relief against either Sheriff Carona or the County of Orange.

Dated: September 2K, 2009.

SILVER, HADDEN, SILVER, WEXLER & LEVINE

By: _____
RICHARD A. LEVINE
Attorneys for Plaintiff, WILLIAM J. HUNT

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1428 Second Street, P.O. Box 2161, Santa Monica, California 90407-2161.

On **September 28, 2009,** I served the foregoing document described as **PLAINTIFF'S PROPOSED STATEMENT TO THE JURY** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Martin J. Mayer, Esq.
**Kimberly Hall Barlow, Esq.**
Paul R. Coble, Esq.
JONES & MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
**(714) 446-1448 Fax**

[X]  **[By Overnight Mail - Federal Express]**

I delivered said documents to an authorized courier or driver authorized to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served for delivery on the next business day.

[X]  **[By Facsimile Transmission]**

I caused the above-referenced document to be transmitted to the named person(s) via facsimile transmission to the fax number(s) set forth above from a fax machine at (310) 393-3806.

Executed on **September 28, 2009**, at Santa Monica, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____MELISA CLENDENEN_____    _/s/ Melisa Clendenen_