1  Martin J. Mayer, Esq., SBN 73890
   Kimberly Hall Barlow, Esq., SBN 149902
2  3777 North Harbor Boulevard
   Fullerton, California 92835
3  Telephone: (714) 446-1400
   Facsimile:  (714) 446-1448
4  mjm@jones-mayer.com
   khb@jones-mayer.com
5
6  Attorneys for Defendants, County of Orange and Michael S. Carona

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HUNT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF ORANGE; MICHAEL S. CARONA; and DOES 1 to XX, Inclusive,<br><br>　　　　Defendants. | Case No. SACV07-705 MMM (MLGx)<br><br>**DEFENDANTS' PROPOSED STATEMENT TO JURY**<br><br>Trial Date: October 13, 2009<br>Courtroom: 780 Roybal<br>Judge: Hon. Margaret M. Morrow<br><br>[Original Complaint filed: 6/18/07] |

COME NOW DEFENDANTS COUNTY OF ORANGE AND MICHAEL S. CARONA submitting the following proposed Statement to the Jury.

# STATEMENT TO JURY

This is a case brought by Plaintiff William Hunt against the Defendants County of Orange and Michael Carona.

Plaintiff contends that the Defendants violated his First Amendment right by retaliating against him for exercising his constitutionally protected speech and/or political activity during his 2004-2006 election campaign for the office of Orange County Sheriff Coroner against Michael Carona, who was then the incumbent Sheriff. Prior to and during the period of the election campaign, Plaintiff was a Lieutenant in the Orange County Sheriff's Department and was assigned by the Sheriff's Department to the position of Chief of Police Services for the City of San Clemente which contracted with the Sheriff's Department for law enforcement services to its City.

During the course of the political campaign, Plaintiff issued public statements, radio addresses, press releases, and disseminated campaign literature in print and through the internet concerning various matters relating to Defendant Carona and the Sheriff's Department.

On June 6, 2006, the election for Orange County Sheriff-Coroner was conducted in which Defendant Carona was re-elected as Sheriff. On June 7, 2006 Defendants placed Plaintiff on administrative leave pending a personnel investigation as to Plaintiff's speech and conduct during the election campaign.

On December 22, 2006, Defendants served Plaintiff a Notice of Demotion notifying Plaintiff of his demotion from Lieutenant to the rank of Deputy Sheriff II, as well as his reassignment as Chief of Police Services for the City of San Clemente based on identified violations of the Sheriff's Department Manual of Rules and Regulations by reason of Plaintiff's campaign statements and conduct.

After issuance of the Notice of Demotion, but prior to the effective date of the discipline, Plaintiff retired from the Orange County Sheriffs Department. Plaintiff contends that Defendants' actions caused his constructive discharge. Plaintiff seeks

damages against the Defendant Michael Carona as the result of his actions in this matter.

Defendant denies that Plaintiff's speech and conduct during the election for which he was demoted was protected by the First Amendment for a number of reasons. First, Plaintiff was one of only 12 Chiefs of Police Services in the Department, and his job duties and activities put him in a critical role as someone charged with carrying out and supporting the policies of the Department and its personnel. He was actively engaged with the political leaders and staff of the City of San Clemente, serving as their Chief of Police and representing the Sheriff and the Sheriff's Department as their representative in the City. Plaintiff attended Council Meetings, Department Head Meetings and appeared at multiple community functions as the representative of the Sheriff. He was responsible for all police operations in the City of San Clemente, as well as involved in several regional law enforcement efforts. He sought, obtained and implemented federal funding to use for law enforcement purposes in the City of San Clemente and reviewed and drafted ordinances and other policy documents for the City. He was also actively engaged in policy committees, both within and outside the Sheriff's Department as its representative. Thus, his support of the policies of the and his loyalty to the Department and its personnel was critical to avoid undermining public confidence and morale in the Department.

Plaintiff's speech and conduct during the campaign included publically criticizing the top leadership of the Department, suggesting that only those who supported Sheriff Carona in his campaign or with contributions were promoted. In fact, Plaintiff himself was promoted by Sheriff Carona, though he never supported Sheriff Carona or contributed in any way to his campaigns. He criticized various Department policies, including many which were his responsibility to support and implement. Plaintiff also publically commented on pending criminal and personnel investigations, in violation of state laws protecting peace officers under his and others' command. Specifically, he made statements to the press concerning two officer-

3

involved deaths, exposing the County, the Department and individual Sheriff's Deputies to liability and public scorn, even though he had no personal knowledge of the incidents themselves or whether any lawsuits were pending regarding those deaths. While identifying himself as a law enforcement executive and leader in the Department, he actively and repeatedly criticized the entire leadership of the Department, undermining the authority of those in command and creating morale issues inside the Department.

Defendant Carona contends that he acted lawfully in disciplining Plaintiff, who chose to retire instead of appealing his demotion as he was permitted to do. Plaintiff was not terminated by the Sheriff or the County of Orange, but instead voluntarily retired rather than accept the discipline appropriately meted out to him or to seek further review of that demotion. Defendants seek a determination that the discipline imposed upon Plaintiff for his conduct was lawful and that Plaintiff is not entitled to any relief against either Sheriff Carona or the County of Orange.

Dated: September 28, 2009

JONES & MAYER

By: _____
KIMBERLY HALL BARLOW
Attorneys for Defendants, COUNTY OF ORANGE AND MICHAEL S. CARONA

**PROOF OF SERVICE**
**(§ 1013a, 2015.5 C.C.P.)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

    I em employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 3777 N. Harbor Boulevard, Fullerton, California 92835.

    On **September 28, 2009**, I served the within **DEFENDANTS' STATEMENT TO JURY**, on the interested parties in said action by placing [] a true and correct copy or [x] the original thereof as set forth below:

Richard A. Levine, Esq.
Silver Hadden Silver Wexler & Levine
1428 Second Street, Suite 200
Post Office Box 2161
Santa Monica, CA 90407-2161

[X]   [*Via Mail*] By depositing said envelope with postage thereon fully prepaid in the United States mail at La Habra, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fullerton, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit fo mailing in affidavit.

[ ]   [*Personal Delivery*] I cause the above referenced document(s) to be delivered to the addressee set forth above.

[ ]   [*Overnight Courier*] I caused the above referenced document(s) to be delivered to an overnight delivery service, for delivery to the addressee(s) on the attached service list.

[ ]   [*Via Facsimile Transmission*] I caused the above referenced document(s) to be transmitted to the named person(s) to the fax number(s) set forth on the attached Service List. The telephone number of the sending facsimile machine was 714/446-1448.

[ ]   [*State*] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   [*Federal*] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 28, 2009**, at Fullerton, California.

                                                           */s/ Rita J. Alger*
                                                           Rita J. Alger