STEPHEN H. SILVER, ESQ.; State Bar No. 038241
shsilver@shslaborlaw.com
RICHARD A. LEVINE, ESQ.; State Bar No. 091671
rlevine@shslaborlaw.com
KEN YUWILER, ESQ.; State Bar No. 126525
kyuwiler@shslaborlaw.com
SILVER, HADDEN, SILVER, WEXLER & LEVINE
1428 Second Street, Suite 200
P. O. Box 2161
Santa Monica, CA 90407-2161
(310) 393-1486 Telephone
(310) 395-5801 Fax

Attorneys for Plaintiff, WILLIAM J. HUNT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HUNT,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; MICHAEL S. CARONA, Sheriff-Coroner for the County of Orange; DOES I - XX, Inclusive,<br><br>    Defendants. | Case No. SACV 07-705-MMM (MLGx)<br><br>**PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR:**<br><br>**1. RECONSIDERATION OF THE COURT'S SEPTEMBER 30, 2009 ORDER DENYING PLAINTIFF'S EX-PARTE APPLICATION TO AMEND FINAL PRE-TRIAL CONFERENCE ORDER AND PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT;**<br><br>**2. CONTINUANCE OF THE TRIAL.**<br><br>(Hearing Requested on Ex Parte)<br><br>Trial Date: October 13, 2009<br>Time: 8:30 a.m.<br>Courtroom: 780 Roybal<br>Hon. Margaret M. Morrow<br><br>[Original Complaint filed: 6/18/07] |

## TABLE OF CONTENTS
PAGE

I. INTRODUCTION .................................................. -1-

II. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT FAILED TO APPLY THE WELL ESTABLISHED STANDARD FOR PLEADING *MONELL* ..................... -1-

III. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT ERRONEOUSLY INTERPRETED THE RULE 26 DISCLOSURE REPORT ............................... -3-

IV. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT ERRONEOUSLY CONCLUDED THAT PLAINTIFF DID NOT CONDUCT DISCOVERY ON THE ISSUE OF *MONELL* LIABILITY ............................................. -3-

V. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT ERRONEOUSLY CONCLUDED THAT PLAINTIFF ABANDONED HIS *MONELL* CLAIM ...................... -4-

VI. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT FAILED TO APPRECIATE THE USE OF THE WORD "DEFENDANTS" THROUGHOUT THE AMENDED FINAL PRE-TRIAL CONFERENCE ORDER ......................... -5-

VII. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT FAILED TO APPRECIATE THE EXTREME PREJUDICE TO PLAINTIFF ............................................. -5-

VIII. CONCLUSION .................................................. -6-

# TABLE OF AUTHORITIES

PAGE

## FEDERAL CASES

*Shah v. County of Los Angeles*
   797 F.2d 743
   (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

## FEDERAL STATUTES

Federal Rules of Civil Procedure, Rule 26 . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Title 42 U.S.C. Section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

## I. INTRODUCTION

Plaintiff properly filed his Motion for Reconsideration to address the manifest showing of a failure to consider material facts in that the Court failed to apply the established standard for pleading *Monell*, the Court erroneously concluded that Plaintiff did not conduct discovery on the issue of Monell liability, the Court erroneously concluded that Plaintiff abandoned his Monell claim, that the Court failed to appreciate the use of the word "Defendants" throughout the Amended Final Pre-Trial Conference Order, and that the Court failed to appreciate the extreme prejudice to Plaintiff. As a result, Plaintiff's Motion should be granted.

## II. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT FAILED TO APPLY THE WELL ESTABLISHED STANDARD FOR PLEADING *MONELL*

Plaintiff's Motion should be granted because there was a manifest showing of a failure to consider material facts in that the Court failed to apply the well established standard for pleading *Monell* (which Defendants' Opposition did not dispute) wherein under *Shah*, the pleading is sufficient to withstand a motion to dismiss "even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." (*Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986).) Nonetheless, the Court's Order concluded that Plaintiff did not plead a *Monell* claim.

However, as shown in the Motion, Plaintiff's complaint clearly pleads that Defendant Carona's conduct conformed to official policy, custom, or practice, and more. Therefore, Plaintiff's Complaint properly pled a claim for municipal liability for a 1983 action.

Ironically, although Defendants assert that they did not believe Plaintiff had pled a *Monell* claim against Defendant County, Defendants' counsel's September

25, 2009 Supplemental Declaration filed in Opposition to Plaintiff's Request to Amend the Final Pre-Trial Conference Order states:

> "From the inception of this case, it has been my belief that Plaintiff did not properly allege a <u>Monell</u> claim against the County of Orange. He did, however, request injunctive relief requiring him to be reinstated as an employee of the County of Orange, relief which could only be ordered against the County of Orange, not against Defendant Carona, <u>and which in my view does not require proof of a [sic] an illegal custom, practice policy or ratification thereof</u>". (Emphasis added; Barlow Supplemental Declaration, Docket No. 132-2, page 3:15-19.)

In short, Defendants allege that they believed the only cause of action against Defendant County is for injunctive relief which Defendants' admit "<u>does not require proof of a [sic] an illegal custom, practice policy or ratification thereof</u>". However, the Complaint pled those very allegations of illegal custom, practice, policy and ratification and more (See, by way of example, Complaint, Docket No. 1, Paragraphs 7, 8, 9, 24, 25, and the Prayer.) If, as Defendants' counsel asserts, they were not necessary, then why were they pled? Just like statutory construction, the words have meaning and import. Obviously, that language was not mere surplusage. Defendants attempted to assert that the language was to support the "color of law" provision "standard in 42 U.S.C. Section 1983 actions" (Defendant's Opposition to Plaintiff's Ex Parte Application to Amend Final Pre-Trial Conference Order, Docket 132:3:27-4:3.) However, if all that was needed was the "color of law" provision, then given Defendants' admissions that there was no need to plead "an illegal custom, practice policy or ratification thereof" (Docket No. 132-2, page 3:15-19), what was the purpose of the additional language? The answer is that the additional language in the Complaint complies with *Shah* and was there to support

-2-
PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE APPLICATION FOR: (1) RECONSIDERATION...

the *Monell* claim for municipal liability against Defendant County.

### III. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT ERRONEOUSLY INTERPRETED THE RULE 26 DISCLOSURE REPORT

There is a manifest showing of a failure to consider material facts in that the Court erroneously interpreted the Rule 26 disclosure report of the parties to assert that Plaintiff had not identified *Monell* as a subject for discovery, however the Court did not note, and Defendants' Opposition did not dispute, that **neither party** identified their claims, defenses or theories yet discovery was nonetheless still conducted by the parties on each of those matters.

### IV. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT ERRONEOUSLY CONCLUDED THAT PLAINTIFF DID NOT CONDUCT DISCOVERY ON THE ISSUE OF *MONELL* LIABILITY

There was a manifest showing of a failure to consider material facts in that the Court concluded that Plaintiff did not conduct discovery on the issue of *Monell* liability even though Plaintiff did in fact conduct such discovery and the discovery established the factual basis for *Monell* liability. Although Defendants persist in asserting that Plaintiff did not conduct discovery on the issue of *Monell* liability, the documents and deposition testimony (from discovery) clearly establish that Defendant Carona was the policymaker. Even the Defendants' own documentation (the Orange County Sheriff Department's own Manual of Rules and Regulations), exchanged during discovery, states that the Sheriff is "the final authority in all matters of department policy, operations and discipline" (emphasis added; Docket

No. 14, Exhibit "6", page 266.)[1] By definition that makes Defendant Carona the final policymaker and Plaintiff conducted discovery on the issue of *Monell* liability.

## V. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT ERRONEOUSLY CONCLUDED THAT PLAINTIFF ABANDONED HIS *MONELL* CLAIM

There was a manifest showing of a failure to consider material facts in that the Court erroneously concluded that Plaintiff abandoned his *Monell* claim. However, Plaintiff did not abandon the claim that he had pursued all along. Indeed, as shown, it was not until September 17, 2009 that Plaintiff's counsel first realized that Defendants position was that Plaintiff had not sued Defendant County for *Monell* liability and Plaintiff had inadvertently did not itemize the elements of *Monell* claim in his Memoranda of Contentions of Facts and Law and proposed Pretrial Conference Order. <u>Defendants' Opposition does not dispute that Plaintiff's counsel first learned that information on September 17, 2009.</u> Thereafter, Plaintiff diligently addressed the matter to the Court such that there is no evidence that Plaintiff abandoned his *Monell* claim.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Amazingly, despite the testimony that was elicited during discovery and the documents obtained, including the Orange County Sheriff's Department's <u>own</u> policy manual, footnote 1 of Defendants' Opposition contains a bald <u>and incorrect</u> assertion that Defendant Carona was not the final decisionmaker or policy maker for the County of personnel matters. Notwithstanding that assertion, the evidence and the law (including the decision in Streit v. Block, 236 F.3d 552 (9th Cir. 2001) will support the conclusion that Defendant Carona was the policymaker.

## VI. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT FAILED TO APPRECIATE THE USE OF THE WORD "DEFENDANTS" THROUGHOUT THE AMENDED FINAL PRE-TRIAL CONFERENCE ORDER

There was a manifest showing of a failure to consider material facts in that the Court failed to appreciate that throughout the Amended Final Pre-Trial Conference Order (Docket No. 156) the parties, <u>including Defendants themselves</u>, repeatedly refer to Defendant County of Orange and Defendant Carona as "Defendants". By way of example, references are replete in the admitted facts section (such as Paragraphs 5(g), (h), (i)), Plaintiff's section, the section regarding "Defendants Affirmative Defenses", and Paragraph 7 regarding issues to be tried by the jury. The reason is that Plaintiff <u>and Defendants</u> knew that *Monell* and equitable claims had been pled.

## VII. THERE WAS A MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS IN THAT THE COURT FAILED TO APPRECIATE THE EXTREME PREJUDICE TO PLAINTIFF

There is a manifest showing that there of a failure to consider the extreme prejudice to Plaintiff in that under the circumstances extreme prejudice would exist to Plaintiff if he would not allowed to proceed in his claims against Defendant County to seek to obtain the identified damages against Defendant County. However, <u>Defendants would not be prejudiced</u> because the factual basis for the issue of municipal liability is all information already within the Defendants' control. Although Defendants assert prejudice in that they did not depose Plaintiff on that subject, Defendants claimed that prejudice could be averted by "at least a ninety day continuance of the trial in this matter, in order that discovery on these

-5-
PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE APPLICATION FOR: (1) RECONSIDERATION...

new issues may be conducted and a motion for summary judgment on this issue may be filed by Defendants" (Document 129 at 9:19-23.) Because of Defendants' assertion, Plaintiff also seeks a continuance of the trial so that Defendants could conduct their desired discovery on this issue. (No additional discovery would be undertaken by Plaintiff.)

The only prior continuances of this case have been due to the pendency of Defendant Carona's criminal trial and the change in Judges. Prior to this issue arising, Plaintiff alone had not requested any continuance. <u>However, ironically, while Defendants are now asserting prejudice by a continuance, on September 17, 2009, Defendants themselves requested a continuance of the trial</u> (Docket No. 118).

Plaintiff posits that justice demands ensuring that the parties' rights are protected and the extreme prejudice that would occur to Plaintiff by not allowing him to pursue his *Monell* claim against Defendant County far outweighs proceeding on a trial date that has already been continued on several occasions due to the criminal case pending against Defendant Carona as well as the transfer of Judges by the Court.

Plaintiff respectfully suggests that the Motion be granted and that the trial proceeding correctly is far more important to the parties than the fact that the trial proceeds as set.

## VIII. CONCLUSION

Plaintiff's Motion should be granted because there was a manifest showing of a failure to consider material facts. As shown herein, unless reconsideration is granted, Plaintiff will suffer irreparable harm. However, the claimed prejudice to Defendants is minor and is admittedly resolved by a short continuance for Defendants to conduct discovery and make a motion for Summary Judgment on the issue. As a result, a short continuance of the trial should occur to allow Defendants to conduct their desired discovery and motion.

///

-6-
PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE APPLICATION FOR: (1) RECONSIDERATION...

Under the totality of the circumstances, the Motion for Reconsideration should be granted.

Dated: October 8, 2009

SILVER, HADDEN, SILVER, WEXLER & LEVINE

By: _____
KEN YUWILER
Attorneys for Plaintiff WILLIAM J. HUNT

05245-pld.wpd

-7-
PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR: (1) RECONSIDERATION...

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1428 Second Street, P.O. Box 2161, Santa Monica, California 90407-2161.

On **October 8, 2009,** I served the foregoing document described as **PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR: (1) RECONSIDERATION OF THE COURT'S SEPTEMBER 30, 2009 ORDER DENYING PLAINTIFF'S EX-PARTE APPLICATION TO AMEND FINAL PRE-TRIAL CONFERENCE ORDER AND PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT; (2) CONTINUANCE OF THE TRIAL** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Martin J. Mayer, Esq.<br>**Kimberly Hall Barlow, Esq.**<br>Paul R. Coble, Esq.<br>JONES & MAYER<br>3777 North Harbor Boulevard<br>Fullerton, CA 92835<br>(714) 446-1448 Fax | Norman J. Watkins, Esq.<br>S. Frank Harrell, Esq.<br>Shannon L. Gustafson, Esq.<br>LYNBERG & WATKINS<br>333 City Boulevard West, Suite 640<br>Orange, California 92868-5915<br>(714) 937-1003 Fax |

[X]  **[By Mail]**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it would be deposited with the U.S. Postal Service with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of business. I am aware than on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  **[By Facsimile Transmission]**

I caused the above-referenced document to be transmitted to the named person(s) via facsimile transmission to the fax number(s) set forth above from a fax machine at (310) 393-3806.

Executed on **October 8, 2009**, at Santa Monica, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

CHERYL L. MITCHELL