STEPHEN H. SILVER, ESQ.; State Bar No. 038241
shsilver@shslaborlaw.com
RICHARD A. LEVINE, ESQ.; State Bar No. 091671
rlevine@shslaborlaw.com
KEN YUWILER, ESQ.; State Bar No. 126525
kyuwiler@shslaborlaw.com
SILVER, HADDEN, SILVER, WEXLER & LEVINE
1428 Second Street, Suite 200
P. O. Box 2161
Santa Monica, CA 90407-2161
(310) 393-1486 Telephone
(310) 395-5801 Fax

Attorneys for Plaintiff, WILLIAM J. HUNT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HUNT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; MICHAEL S. CARONA, Sheriff-Coroner for the County of Orange; DOES I - XX, Inclusive,<br><br>　　　　Defendants. | Case No. SACV 07-705-MMM (MLGx)<br><br>PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>Trial Date:　　October 13, 2009<br>Time:　　　　8:30 a.m.<br>Courtroom:　　780 Roybal<br>Hon. Margaret M. Morrow<br><br>[Original Complaint filed: 6/18/07] |

-1-
PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

PAGE

I.   INTRODUCTION ................................................. -1-

II.  PLAINTIFF PROMPTLY MADE HIS EX PARTE MOTION
     FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT .... -1-

III. PLAINTIFF HAS ALWAYS ASSERTED A MONELL CLAIM
     AGAINST DEFENDANT COUNTY ...................... -2-

IV.  LEAVE TO AMEND SHOULD BE GRANTED WITH
     EXTREME LIBERALITY AND GOOD CAUSE EXISTS TO
     GRANT THE MOTION ................................ -3-

V.   CONCLUSION ..................................... -5-

-i-

PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

PAGE

## FEDERAL CASES

*Foman v. Davis*
    371 U.S. 178
    83 S.Ct. 227
    (1962) .................................................. -3-

*Shah v. County of Los Angeles*
    797 F.2d 743
    (9th Cir. 1986) ............................................ -2-

## FEDERAL STATUTES

Title 42 U.S.C. Section 1983 .................................................. -3-

PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## I. INTRODUCTION

Defendants' Opposition essentially asserts untimeliness in the raising of a Monell claim and prejudice. Those assertions are incorrect and do not support the denial of the requested Motion.

Specifically:

    i) Plaintiff William J. Hunt <u>promptly</u> made his Ex Parte Motion for Leave to file a First Amended Complaint upon learning that there was an assertion that he had not properly pled a *Monell* claim for municipal liability. There was no delay.

    ii) At all times, Plaintiff has asserted his *Monell* claim for municipal liability against Defendant County.

    iii) Leave to amend is to "be applied with extreme liberality" and good cause exists to allow leave to amend especially since the prejudice to Plaintiff in not allowing leave to amend and not allowing the matter to be heard on the merits is far greater than the claimed prejudice of a delay in the proceeding.

Therefore, the Motion for Leave to Amend should be granted.

## II. PLAINTIFF PROMPTLY MADE HIS EX PARTE MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

On September 17, 2009, Defendants first made their assertion that Plaintiff had not made a Monell claim. Plaintiff promptly prepared and filed an Ex Parte Application to amend the Pretrial Conference Order and Plaintiff's Memorandum of Contentions of Law and Fact. On September 30, 2009 the Court issued its order thereon (Docket No. 158.) Promptly thereafter, Plaintiff filed this Motion for Leave to Amend the Complaint. Thus, the Motion was clearly made timely and no dilatory or delay occurred.

/ / /

/ / /

### III. PLAINTIFF HAS ALWAYS ASSERTED A MONELL CLAIM AGAINST DEFENDANT COUNTY

Defendants' Opposition did not dispute the *Shah* standard set forth in Plaintiff's Motion for pleading a *Monell* claim of municipal liability for a 1983 action. Under *Shah*, the pleading is sufficient to withstand a motion to dismiss "even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." (*Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986).)

As shown in the Motion, Plaintiff's Complaint clearly pleads that Defendant Carona's conduct conformed to official policy, custom, or practice, and more. Therefore, Plaintiff's Complaint properly pled a *Monell* claim of municipal liability for a 1983 action. Yet, when the Court's September 30, 2009 order determined that Plaintiff had not pled a *Monell* claim, Plaintiff promptly filed his Motion for Leave to Amend to add additional *Monell* language far beyond that required by *Shah*.

Ironically, although Defendants assert that they did not believe Plaintiff had pled a *Monell* claim against Defendant County, Defendants' counsel's September 25, 2009 Supplemental Declaration filed in Opposition to Plaintiff's Request to Amend the Final Pre-Trial Conference Order states:

> "From the inception of this case, it has been my belief that Plaintiff did not properly allege a Monell claim against the County of Orange. He did, however, request injunctive relief requiring him to be reinstated as an employee of the County of Orange, relief which could only be ordered against the County of Orange, not against Defendant Carona, and which in my view does not require proof of a [sic] an illegal custom, practice policy or ratification thereof". (Emphasis added; Barlow Supplemental Declaration, Docket No. 132-2, page 3:15-19.)

In short, Defendants allege that they believed the only cause of action against Defendant County was for injunctive relief which Defendants admit "<u>does not require proof of a [sic] an illegal custom, practice policy or ratification thereof</u>". It is noteworthy, that the Complaint pled those very allegations of illegal custom, practice, policy and ratification (See, by way of example, Complaint, Docket No. 1, Paragraphs 7, 8, 9, 24, 25, and the Prayer.) If, as Defendants' counsel asserts, they were not necessary, then why were they pled? Just like statutory construction, the words have meaning and import. Obviously, that language was not mere surplusage. Defendants attempt to assert that the language was to support the "color of law" provision "standard in 42 U.S.C. Section 1983 actions" (Defendant's Opposition to Plaintiff's Ex Parte Application to Amend Final Pre-Trial Conference Order, Docket 132:3:27-4:3.) However, if all that was needed was the "color of law" provision, then given Defendants' admissions that there was no need to plead "an illegal custom, practice policy or ratification thereof" (Docket No. 132-2, page 3:15-19), what was the purpose of the additional language? The answer is that the additional language in the Complaint was there to support the *Monell* claim for municipal liability against Defendant County.

Finally, why would Defendants have repeatedly referred to "Defendants" throughout the Amended Final Pre-Trial Conference Order (Docket No. 156) if they did not believe that Plaintiff has always sought relief from Defendant County under *Monell* municipal liability as well as by way of his claim for equitable relief?

### IV. <u>LEAVE TO AMEND SHOULD BE GRANTED WITH EXTREME LIBERALITY AND GOOD CAUSE EXISTS TO GRANT THE MOTION</u>

Leave to amend can be granted in the Court's discretion. Good cause exists here and the Supreme Court's *Foman* test clearly weighs in favor of the requested leave being "freely given" (*Foman v. Davis*, 371 U.S. 178, 181-182, 83 S.Ct. 227 (1962). Specifically, there was no "undue delay" in making this Motion upon

-3-
PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

1  learning that it was asserted that Plaintiff did not make a *Monell* claim. No one has
2  accused Plaintiff of engaging in bad faith or having a dilatory motive nor is it the
3  case. There have not been any previous amendments to the Complaint sought by
4  Plaintiff nor has there been any failure to cure any deficiencies. Indeed, this Motion
5  was promptly made to cure an alleged deficiency. Finally, there is not any "undue
6  prejudice to the opposing party by virtue of allowance of the amendment".
7  Although Defendants assert prejudice, Defendants previously claimed that
8  prejudice could be averted by "at least a ninety day continuance of the trial in this
9  matter, in order that discovery on these new issues may be conducted and a motion
10 for summary judgment on this issue may be filed by Defendants" (Document 129 at
11 9:19-23.)
12      The only prior continuances of this case have been due to the pendency of
13 Defendant Carona's criminal trial and the change in Judges. Prior to this issue
14 arising, Plaintiff alone had not requested any continuance. <u>Ironically, although
15 Defendants are now asserting prejudice by a continuance, on September 17, 2009,
16 Defendants themselves requested a continuance of the trial</u> (Docket No. 118).
17      Nonetheless, because of Defendants' assertion in the Opposition that
18 Defendants would need to conduct discovery of Plaintiff on the *Monell* issue
19 (which belies common sense given that Defendants already know that information
20 as it relates to their interactions with each other), Plaintiff has noted that he would
21 not oppose a continuance (and in fact requested one in connection with the Motion
22 for Reconsideration.)
23      Plaintiff respectfully believes that under the circumstances good cause
24 dictates that the Motion be granted and that the trial proceeding correctly is far
25 more important to the parties than the fact that the trial proceeds as set.
26 / / /
27 / / /
28 / / /

## V. **CONCLUSION**

Based upon the foregoing, it is respectfully requested that the Court grant Plaintiff's Ex Parte Motion Seeking Leave to File a First Amended Complaint.

Dated: October 8, 2009

SILVER, HADDEN, SILVER, WEXLER & LEVINE

By: /s/ Ken Yuwiler
KEN YUWILER
Attorneys for Plaintiff WILLIAM J. HUNT

05244-pld.wpd

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1428 Second Street, P.O. Box 2161, Santa Monica, California 90407-2161.

On October 8, 2009, I served the foregoing document described as PLAINTIFF WILLIAM J. HUNT'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Martin J. Mayer, Esq.<br>**Kimberly Hall Barlow, Esq.**<br>Paul R. Coble, Esq.<br>JONES & MAYER<br>3777 North Harbor Boulevard<br>Fullerton, CA 92835<br>(714) 446-1448 Fax | Norman J. Watkins, Esq.<br>S. Frank Harrell, Esq.<br>Shannon L. Gustafson, Esq.<br>LYNBERG & WATKINS<br>333 City Boulevard West, Suite 640<br>Orange, California 92868-5915<br>(714) 937-1003 Fax |

[X]   **[By Mail]**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it would be deposited with the U.S. Postal Service with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of business. I am aware than on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **[By Facsimile Transmission]**

I caused the above-referenced document to be transmitted to the named person(s) via facsimile transmission to the fax number(s) set forth above from a fax machine at (310) 393-3806.

Executed on **October 8, 2009**, at Santa Monica, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

CHERYL L. MITCHELL   _/s/ Mitchell_