Martin J. Mayer – SBN #73890
mjm@jones-mayer.com
Kimberly Hall Barlow – SBN #149902
khb@jones-mayer.com
**JONES & MAYER**
3777 North Harbor Boulevard
Fullerton, CA 92835
(714) 446-1400 Telephone
(714) 446-1448 - Facsimile

Norman J. Watkins – SBN #87327
nwatkins@lynberg.com
S. Frank Harrell – SBN#133437
sharrell@lynberg.com
Shannon L. Gustafson – SBN #228856
sgustafson@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
333 City Boulevard West, Suite 640
Orange, California 92868-5915
(714) 937-1010  Telephone
(714) 937-1003  Facsimile

Attorneys for Defendants, COUNTY OF ORANGE and MICHAEL S. CARONA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HUNT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; MICHAEL S. CARONA; and DOES 1 to XX, Inclusive,<br><br>Defendant, | CASE NO. SACV07-705 MMM (MLGx)<br><br>**ORANGE COUNTY DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION TO STRIKE ORANGE COUNTY FROM THE PRE-TRIAL CONFERENCE ORDER AND FOR AN IN LIMINE ORDER PRECLUDING REFERENCE TO ORANGE COUNTY AS A PARTY IN THIS CASE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      Discretionary<br>Time:      Discretionary<br>Courtroom: 780<br><br>*Trial Date: October 13, 2009*<br><br>*Orig. Complaint Filed: June 18, 2007* |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFF HAS NO CLAIM FOR "INJUNCTIVE RELIEF" IN THIS CASE.

Defendants have brought their ex parte application to strike Orange County as a named Defendant in this case on the grounds that: (1) on September 30, 2009, the Court denied Plaintiff's belated request to amend a Monell claim into the operative Pre-trial Conference Order, and (2) there is no legal basis for Orange County to be named as a party Defendant in this case in the absence of a viable Monell claim. Put most charitably, Plaintiff's Opposition does nothing to salvage his position.

At the outset, Plaintiff chiefly concedes all of the critically relevant points which support Defendants' Application. For example, Plaintiff does not deny that Monell is the only permissible theory of liability against a municipal defendant, such as Orange County, under 42 U.S.C. § 1983. See, Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978). Plaintiff also does not dispute that the Court's September 30, 2009 Order found Plaintiff had failed to properly raise or preserve a Monell theory against Orange County for trial. (See, Order, September 30, 2009, Docket No. 127).

As best as Defendants can determine, Plaintiff's Opposition chiefly rests on the bold assertion that a Section 1983 damages action is not Plaintiff's only claim for relief in this litigation. Specifically, Plaintiff claims that his "Complaint alleges injunctive relief against Defendants, including Orange County." (Plaintiff's Opposition, 1:10-11). From this, Plaintiff evidently concludes that Orange County remains a "party" for the jury trial in this matter, and that he may appropriately make that representation to the jury during trial proceedings.

As is too often the case with this Plaintiff, however, his argument simply ignores his own prior written submissions and, more importantly, the Court's prior Orders in this matter. To state the obvious, this litigation is only a few business days

1 away from the start of a jury trial. Plaintiff's Complaint therefore ceased to define
2 the issues in this case **_long ago._** Rather, the issues are now framed by the Amended
3 Final Pre-trial Conference Order, which – by its terms - "supercede[s] the pleadings
4 and govern[s] the course of the trial in this case. . .." (Amended Final Pre-trial
5 Conference Order, Docket No. 156, ¶ 14).

6 The Pre-Trial Conference Order – **_drafted by Plaintiff_** – states that he
7 advances **_one claim_** under the "civil rights" provisions of 42 U.S.C. § 1983.
8 (Amended Final Pre-trial Conference Order, 4:16 – 6:3). By the Order's terms,
9 Plaintiff seeks relief under Section 1983 solely in the form of "compensatory
10 damages" (Id., 5:24) and "punitive damages". (Id., 6:2). **_Nothing is said in the Pre-_**
11 **_trial Conference Order about injunctive relief at all._**

12 Thus, there is **_no_** "injunctive relief" claim in this case – against Orange
13 County, or anyone else. And Defendants frankly find it difficult to credit Plaintiff
14 with good faith for urging the contrary on this Court.

15 In short, the present procedural posture of this case is just as Defendants'
16 moving papers explained – the only viable Defendant in this case is Defendant
17 Michael Carona. Plaintiff has **_no viable theory_** of recovery against "Defendant"
18 Orange County. References to Orange County as a party Defendant in the operative
19 Pre-trial Conference Order should therefore be stricken as prayed. See, Fed. R. Civ.
20 P. 12(f) (Governing motions to strike); Schwarzer, Tashima & Wagstaffe, Cal. Prac.
21 Guide: Fed. Civ. Pro. Before Trial, § 9:401 (TRG 2009)("Rule 12(f) specifically
22 authorizes the Court to strike a pleading or any portion thereof on its own motion **_at_**
23 **_any time."_**)(Emphasis original.)

24 Under any standard of fairness and accuracy, it would be error for the parties
25 to state to the jury that Orange County is a party "Defendant" in this matter – when,
26 in truth, there are **_no claims against Orange County_** which will be submitted to the
27 jury. And Plaintiff prudently does not quarrel with this common sense proposition.

- 3 -

Accordingly, the Court should also order <u>in limine</u> that Plaintiff's counsel and their witnesses ***not refer to Orange County as a party Defendant*** in this case within the presence of the jury. <u>See</u>, <u>Fed. R. Evid.</u> 401, 402 and 403.

## II. PLAINTIFF'S REQUEST TO RECONSIDER THE COURT'S "MONELL" RULING SHOULD BE DENIED.

Defendants have already pointed out the many defects in Plaintiff's attempted "Motion for Reconsideration" concerning <u>Monell</u> issues under separate cover. Additionally, Defendants reject Plaintiff's most recent suggestion that Orange County is some type of "indispensible party" to this case for judgment satisfaction purposes. ***If*** Plaintiff does receive a compensatory damages judgment against Defendant Michael Michael Carona, Orange County is required to satisfy it, even in the absence of a <u>Monell</u> claim.

Unlike many states, California has enacted a statute providing for <u>respondent superior</u> liability in virtually all circumstances where a government employee is found liable for acts occurring within the scope of his employment. <u>See</u>, <u>Cal. Gov. Code</u> § 825. Thus, the County of Orange is statutorily obligated to satisfy any judgment for compensatory damages against Mr. Carona in this matter -- thereby making Plaintiff whole for whatever injuries a jury may find compensable.

In light of California's public employee indemnity rule, <u>Monell</u> claims in California are generally rendered moot by a verdict against the individual defendant. Indeed, dismissal of the <u>Monell</u> claim is ***required*** where the plaintiff alleges "no injury or damages [that are] different from the injury or damages sought against the police officer defendant." <u>Sanchez v. City of Riverside</u>, 596 F.Supp. 193, 194 (C.D. Cal. 1984). In such circumstances, the plaintiff's injury is deemed fully addressed by the jury's award against the officer, no actual "case or controversy" remains and dismissal for lack of jurisdiction is required. <u>Id.</u>; see, <u>United Public Workers v. Mitchell</u>, 330 U.S. 75, 89, 67 S.Ct. 556, 564 (1947) (District court jurisdiction

constitutionally limited to Article III "cases and controversies"; no jurisdiction exists to render "advisory" rulings on moot issues.); see also, Choate v. County of Orange, 86 Cal. App. 4th 312, 332, 103 Cal.Rptr.2d 339 (2000) (Citing Ninth Circuit law and concluding, "We see little purpose to an open-ended Monell trial on pattern or practice liability here or most cases. . .. Since plaintiffs will be fully compensated by the damage awards they have secured [in phase one of the litigation against the individual public employee], there is nothing further to litigate because there is nothing further for them to recover. In [one judge's] words, in 'a substantial proportion of the cases asserting Monell claims based on alleged practices or customs, the Monell claims should have little practical significance. . . . This is precisely such a situation."); George v. City of Long Beach, (973 F.2d 706 (9th Cir. 1992)(Ninth Circuit affirms dismissal of an arrestee's Monell claim against a municipal police department after the officers had been found to have violated his constitutional rights – "Any damages resulting from a possible Monell claim would result from the same constitutional violation of the warrantless arrest which resulted in nominal damages. Even if [plaintiff] were to prove the City failed to adequately train the police officers, the result would simply be another theory of action concerning the conduct . . . . [Plaintiff's] recovery, if any, based upon a Monell claim would be limited to nominal damages. We therefore hold that ***any*** error by the district court in dismissing the Monell claim was ***harmless."***)(Emphasis added.)

     Sanchez is perhaps the leading case in this area and its facts and holding merit somewhat extended discussion here. The municipal defendant in Sanchez, the City of Riverside, moved for bifurcation of the Monell issue at the outset of the case. The motion was based on the ground that establishing and defending the City's liability under Monell "would be a time-consuming exercise which would, in all probability, be rendered moot by the resolution of plaintiffs' claims against the individual police officer." Sanchez, supra, 596 F.Supp. at 194. The trial court

granted bifurcation, noting that the City agreed it was obligated under Cal. Gov. Code §825 to pay any potential judgment against its employee police officer. Id.

The Sanchez plaintiffs were ultimately awarded a total of $32,000 for, inter alia, violation of their constitutional rights. The City thereafter moved for dismissal of the Monell claim on grounds of mootness. The Sanchez Court granted the motion:

> Plaintiffs' claims against the City allege no wrong not alleged against the police officer or no injury or damages proximately caused thereby different from the injury or damages sought against the police officer defendant. The jury found that plaintiff Sanchez had been deprived of his constitutional right[s]... for which damages were awarded.... Since all compensable damages resulting from the constitutional wrong to plaintiff Sanchez have been assessed and the City has agreed to pay the judgment, nothing further remains to be adjudicated.

Id. at 195.

In light of the foregoing, the Sanchez Court thereafter ordered dismissal:

> Both state and federal claims are now moot because nothing of consequence turns on their adjudication. The issues of 'governmental custom' and negligent supervision have been rendered hypothetical by the jury's verdicts on plaintiffs' claims against the police officer defendant and the City's recognition of its obligation under state law to pay the judgment. Plaintiffs contend that adjudication of the remaining claim is important because any judgment adverse to the City could be used in future cases to establish custom and policy under Monell. It should be obvious that whether or not a live controversy remains cannot be decided on the basis of what may be important for some

- 6 -

future case. The reach of this Court's jurisdiction is constitutionally limited to Article III 'cases and controversies.' ***Since, in the present posture of the case, what is now sought amounts to no more than an 'advisory' adjudication against the City, the remaining claims must be dismissed...***.

Id. at 195 (Citations omitted and emphasis added).

In short, Plaintiff's effort to add a Monell claim on the eve of trial – aside from its other defects – seeks to address an "issue" that simply does not exist. As California requires public entities to satisfy judgments obtained against public employees acting within the course and scope of employment, Plaintiff will have a collectable judgment for compensatory damages against Mr. Carona should he obtain one.

### III. CONCLUSION

Given basic principles of fairness and notice, the Court's September 30, 2009 Order rightly denied Plaintiff's eleventh - hour attempt to raise a Monell claim in this case. Consistent with this ruling, the Court should now enter appropriate orders: (1) striking references to Orange County as a party Defendant in this case from the Court's operative Pre-trial Conference Order, and (2) precluding in limine any reference in the jury's presence to Orange County as a party Defendant in this case.

DATED: October 8, 2009                Respectfully submitted,

**JONES & MAYER**
 -- and --
**LYNBERG & WATKINS**

By: _____/S/_____
**NORMAN J. WATKINS**
**S. FRANK HARRELL**
**SHANNON L. GUSTAFSON**
Attorneys for Defendants, COUNTY OF ORANGE and MICHAEL S. CARONA

- 7 -