FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT
OCT 22 2009
CENTRAL DISTRICT OF CALIFORNIA
BY     DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HUNT,<br><br>        Plaintiff,<br><br>    vs.<br><br>MICHAEL S. CARONA,<br><br>        Defendant. | CASE NO. CV 07-00705 MMM (MLGx)<br><br>SPECIAL INTERROGATORIES SET #2 |

We, the jury in the above-entitled action, unanimously find by a preponderance of the evidence:

Question No. 1: Did the statements made by plaintiff William Hunt referenced in the Notice of Pending Demotion cause an actual, material, and substantial disruption in the efficient operation of the Orange County Sheriff's Department ("OCSD")?

Yes _____    No __X__

Question No. 2: If your answer to Question No. 1 is "No," did defendant Michael Carona reasonably predict that the statements made by plaintiff William Hunt that are referenced in the Notice of Pending Demotion would cause an actual, material, and substantial disruption in the efficient operation of the OCSD?

Yes _____    No ✗\_\_\_\_\_

*If you answered "No" to both of the above questions, please have the presiding juror sign and date this verdict form on the following page. If you answered "Yes" to either question above, please proceed to the next questions.*

Question No. 3: Did the statements made by plaintiff William Hunt that are referenced in the Notice of Pending Demotion impair discipline and control in the OCSD?

Yes _____    No _____

Question No. 4: If the answer to Question No. 3 is "No," did defendant Michael Carona reasonably predict that the statements referenced in the Notice of Pending Demotion would impair discipline and control in the OCSD?

Yes _____    No _____

Question No. 5: Did the statements made by plaintiff William Hunt that are referenced in the Notice of Pending Demotion create disharmony in the department?

Yes _____    No _____

2

Question No. 6: If the answer to Question No. 5 is "No," did defendant Michael Carona to reasonably predict that the statements referenced in the Notice of Pending Demotion would create disharmony in the department?

Yes _____   No _____

Question No. 7: Did the statements made by plaintiff William Hunt that are referenced in the Notice of Pending Demotion cause a disruption in co-worker relations at the OCSD?

Yes _____   No _____

Question No. 8: If the answer to Question No. 7 is "No," did defendant Michael Carona reasonably predict that the statements referenced in the Notice of Pending Demotion would cause a disruption in co-worker relations at the OCSD?

Yes _____   No _____

Question No. 9: Prior to the election, did defendant Michael Carona have a close working relationship with Hunt based on personal loyalty and confidentiality?

Yes _____   No _____

Question No. 10: If your answer to Question No. 9 was "Yes," did the statements made by plaintiff William Hunt referenced in the Notice of Pending Demotion cause a erosion in the relationship between him and defendant Michael Carona?

Yes _____    No _____

Question No. 11: If your answer to Question No. 9 was "Yes," and your answer to Question No. 10 was "No," did defendant Michael Carona reasonably predict that the statements referenced in the Notice of Pending Demotion would cause a erosion in the relationship between him and plaintiff William Hunt?

Yes _____    No _____

Question No. 12: If your answer to Question No. 10 or Question No. 11 was "Yes," do you find that a close working relationship between plaintiff William Hunt and defendant Michael Carona was essential to the OCSD's ability to fulfill its public responsibilities?

Yes _____    No _____

Question No. 13: Prior to the election, did plaintiff William Hunt have a close working relationship based on personal loyalty and confidentiality with any other superior officer?

Yes _____    No _____

Question No. 14:  If your answer to Question No. 13 was "Yes," did the statements made by plaintiff William Hunt referenced in the Notice of Pending Demotion cause a erosion in that relationship?

Yes _____     No _____

Question No. 15:  If your answer to Question No. 13 was "Yes," and your answer to Question No. 14 was "No," did defendant Michael Carona reasonably predict that the statements referenced in the Notice of Pending Demotion would cause a erosion in plaintiff William Hunt's close relationship with his superior officer(s)?

Yes _____     No _____

Question No. 16:  If your answer to Question No. 14 or Question No. 15 was "Yes," do you find that a close working relationship between plaintiff William Hunt and his superior officer(s) was essential to the OCSD's ability to fulfill its public responsibilities?

Yes _____     No _____

Question No. 17:  Did the statements made by plaintiff William Hunt that are referenced in the Notice of Pending Demotion interfere with his ability to fulfill his duties as the Chief of Police Services?

Yes _____     No _____

Question No. 18: Did the statements made by plaintiff William Hunt that are referenced in the Notice of Pending Demotion obstruct the ability of OCSD employees to perform regular operations?

Yes _____    No _____

Question No. 19: If the answer to Question No. 18 is "No," did defendant Michael Carona reasonably predict that the statements referenced in the Notice of Pending Demotion would obstruct the ability of OCSD employees to perform regular operations?

Yes _____    No _____

Question No. 20: At the time that plaintiff William Hunt stated in September of 2005 on his campaign website that there were "scandals, corruption and controversy" in the OCSD, did he know that statement to be false?

Yes _____    No _____

Question No. 21: At the time that plaintiff William Hunt stated in September of 2005 on his campaign website that there were "scandals, corruption and controversy" in the OCSD, did he have a reasonable basis to believe that statement to be true?

Yes _____    No _____

Question No. 22: At the time that plaintiff William Hunt stated May 4, 2005 on KUCI Radio that "the promotion in the [OCSD] are not based on experience, they're not based on ability, they're not based on leadership. They're based on politics and people that are loyal to [Carona] as Sheriff," did he know that statement to be false?

Yes _____    No _____

Question No. 23: At the time that plaintiff William Hunt stated May 4, 2005 on KUCI Radio that "the promotion in the [OCSD] are not based on experience, they're not based on ability, they're not based on leadership. They're based on politics and people that are loyal to [Carona] as Sheriff," did he have a reasonable basis to believe that statement to be true?

Yes _____    No _____

Question No. 24: At the time that plaintiff William Hunt stated December 14, 2005 on KUCI Radio that the OCSD had leaked details involving the arrest of retired Investigator Robert Stevenson, did he know that statement to be false?

Yes _____    No _____

Question No. 25: At the time that plaintiff William Hunt stated December 14, 2005 on KUCI Radio that the OCSD had leaked details involving the arrest of retired Investigator Robert Stevenson, did he have a reasonable basis to believe that statement to be true?

Yes _____    No _____

Question No. 26:   At the time that plaintiff William Hunt stated in an e-mail to the California State Sheriff's Association that Carona had been involved with "dirty campaign donations," did he know that statement to be false?

Yes _____   No _____

Question No. 27:   At the time that plaintiff William Hunt stated in an e-mail to the California State Sheriff's Association that Carona had been involved with "dirty campaign donations," did he have a reasonable basis to believe that statement to be true?

Yes _____   No _____

Question No. 28:   At the time that plaintiff William Hunt stated in his campaign platform that defendant Michael Carona had a policy of "allowing high-ranking administrators to spike their pensions by turning in their county vehicles and incorporating the cash equivalent into their paycheck for retirement," did he know that statement to be false?

Yes _____   No _____

Question No. 29:   At the time that plaintiff William Hunt stated in his campaign platform that defendant Michael Carona had a policy of "allowing high-ranking administrators to spike their pensions by turning in their county vehicles and incorporating the cash equivalent into their paycheck for retirement," did he have a reasonable basis to believe that statement to be true?

Yes _____   No _____

**Question No. 30:** At the time that plaintiff William Hunt stated in his campaign platform that defendant Michael Carona's "mismanagement [had] resulted in slower response times and poor service," did he know that statement to be false?

Yes _____    No _____

**Question No. 31:** At the time that plaintiff William Hunt stated in his campaign platform that defendant Michael Carona's "mismanagement [had] resulted in slower response times and poor service," did he have a reasonable basis to believe that statement to be true?

Yes _____    No _____

**Question No. 32:** At the time that plaintiff William Hunt stated in his campaign platform that the "Best Choice" drug treatment program had been "the subject of an internal investigation into mismanagement, funding irregularities and exaggerating results," did he know that statement to be false?

Yes _____    No _____

**Question No. 33:** At the time that plaintiff William Hunt stated in his campaign platform that the "Best Choice" drug treatment program had been "the subject of an internal investigation into mismanagement, funding irregularities and exaggerating results," did he have a reasonable basis to believe that statement to be true?

Yes _____    No _____

Question No. 34: At the time that plaintiff William Hunt stated in his campaign platform that Carona's illegal immigration proposal had "no backing from his law enforcement counterparts and very little community support," did he know that statement to be false?

Yes _____    No _____

Question No. 35: At the time that plaintiff William Hunt stated in his campaign platform that Carona's illegal immigration proposal had "no backing from his law enforcement counterparts and very little community support," did he have a reasonable basis to believe that statement to be true?

Yes _____    No _____

Question No. 36: At the time that plaintiff William Hunt stated in his campaign platform that the OCSD had "failed to provide training and equipment that personnel need to recognize indicators associated with mental illness. This failure has resulted in the deaths of two people because Deputy Sheriffs had no option available to them other than physical force," did he know that statement to be false?

Yes _____    No _____

Question No. 37:   At the time that plaintiff William Hunt stated in his campaign platform that the OCSD had "failed to provide training and equipment that personnel need to recognize indicators associated with mental illness. This failure has resulted in the deaths of two people because Deputy Sheriffs had no option available to them other than physical force," did he have a reasonable basis to believe that statement to be true?

Yes _____     No _____

Question No. 38:   Did the statements made by plaintiff William Hunt that are referenced in the Notice of Pending Demotion hinder the ability of the OCSD to efficiently perform its operations?

Yes _____     No _____

Question No. 39:   Did media reports of defendant Michael Carona's alleged involvement in corruption and scandal strain close working relationships within the OCSD regardless of plaintiff William Hunt's statements?

Yes _____     No _____

Question No. 40:   Did media reports of defendant Michael Carona's alleged involvement in corruption and scandal hinder the ability of OCSD to efficiently perform its law enforcement function regardless of plaintiff William Hunt's statements?

Yes _____     No _____

Question No. 41:   Did media reports of defendant Michael Carona's alleged involvement in corruption and scandal create disharmony regardless of plaintiff William Hunt's statements?

                         Yes _____        No _____

DATED: 10/22/09

                                              _____
                                              Presiding Juror

                                      Name Printed: _____