FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 2 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HUNT,<br><br>       Plaintiff,<br><br>  vs.<br><br>MICHAEL S. CARONA,<br><br>      Defendants. | CASE NO. SACV 07-00705 MMM (MLGx)<br><br>JURY INSTRUCTIONS |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY INSTRUCTIONS**

# INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and are about to hear the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter that is entirely up to you.

**INSTRUCTION NO. 2**

The evidence from which you are to decide what the facts are consists of:

1.    The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2.    the exhibits which have been received into evidence; and

3.    any facts to which all the lawyers have agreed or stipulated.

**INSTRUCTION NO. 3**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence and the stipulations of the parties.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, what they will say in their closing arguments, and what they have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits may have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

5

**INSTRUCTION NO. 4**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 5

In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

7

## INSTRUCTION NO. 6

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.   You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 7**

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness's present testimony.  If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

# INSTRUCTION NO. 8

Evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**INSTRUCTION NO. 9**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# INSTRUCTION NO. 10

The parties have agreed to certain facts that you should treat as having been proved. They are:

(1) Hunt commenced his employment as a sworn peace officer in the Orange County Sheriff's Department in 1985.

(2) During the course of Hunt's employment with the Orange County Sheriff's Department, Hunt was promoted through the ranks of Deputy Sheriff, Investigator, Sergeant, and Lieutenant.

(3) Hunt was promoted to the rank of Lieutenant in 2002, and in May 2003 was assigned by Michael Carona, following a competitive selection process, to the position of Police Services Chief for the City of San Clemente. He remained in this position until he was placed on administrative leave pending investigation on June 7, 2006. Hunt retired from employment in December 2006.

(4) Hunt announced his candidacy for the office of Sheriff-Coroner for the County of Orange, challenging Carona, the incumbent Sheriff-Coroner.

(5) During the course of Hunt's 2005-2006 political campaign for Sheriff-Coroner, Hunt issued public statements, gave radio addresses, issued press releases, and disseminated campaign literature in print and via the Internet concerning various matters relating to Carona and the Sheriff's Department.

(6) On June 6, 2006, the election for Orange County Sheriff-Coroner was conducted.

12

Hunt received 26.5% of the votes cast; Carona received 50.9% of the votes cast.

(7) On June 7, 2006, Hunt was placed on administrative leave pending a personnel investigation regarding his conduct during the 2005-2006 election campaign for the office of Sheriff-Coroner.

(8) On or about October 31, 2006, following a five (5) month administrative leave pending investigation, Hunt was served with a Notice of Pending Demotion. The Notice of Pending Demotion proposed to demote Hunt from the position of Lieutenant to the rank of Deputy Sheriff II based upon identified violations of the Department's Manual of Rules and Regulations related to the content of Hunt's communications and conduct.

(9) On or about December 22, 2006, subsequent to the convening of a disciplinary hearing presided over by an assistant sheriff, Hunt was served a Notice of Demotion. The notice advised Hunt that he was being demoted from Lieutenant to Deputy Sheriff II effective December 26, 2006. This constituted a three-rank demotion. The Notice also reassigned Hunt from his position as Police Services Chief for the City of San Clemente. The Notice of Demotion sustained all of the violations of the Department's Rules and Regulations and supporting grounds alleged in the Notice of Pending Demotion, without modification.

(10) Hunt retired from the Orange County Sheriff's Department as a Lieutenant on December 22, 2006, before the effective date of the discipline set forth in the notice of demotion.

13

1

## INSTRUCTION NO. 11

2

3       The parties have agreed to certain facts that have been read to you, and have been admitted

4   as Exhibits 154 and 155. You should treat the facts set forth in those Exhibits as having been

5   proved.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 12**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1
2
3
4
5
6
7
8
9
10
11
12
13 **PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1983**
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 13**

Plaintiff brings his claim under a federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**INSTRUCTION NO. 14**

In order to prevail on his § 1983 claim against defendant Michael Carona, plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    that defendant acted under color of law; and

2.    that defendant's acts deprived plaintiff of his rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendant acted under color of law.

If you find that plaintiff has proved each of these elements, and if you find that plaintiff has proved all the elements he is required to prove under Instruction No. 16, your verdict should be for plaintiff. If, on the other hand, you find that plaintiff has failed to prove one or more of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 15**

To establish that defendant Michael Carona acted to deprive plaintiff of his rights under the United States Constitution as explained in later instructions, plaintiff must prove by a preponderance of the evidence that defendant Carona's acts were so closely related to the deprivation of plaintiff's rights as to be the moving force that caused plaintiff's injury.

# INSTRUCTION NO. 16

As previously explained, the plaintiff has the burden of proving that defendant Carona's acts deprived plaintiff of rights under the United States Constitution. In this case, plaintiff alleges that defendant Carona deprived him of his rights under the First Amendment when he demoted plaintiff from Lieutenant, assigned as Chief of Police Services of the City of San Clemente, to Deputy Sheriff II as the result of plaintiff's speech and political activity in the election campaign for Orange County Sheriff-Coroner, and/or engaged in other administrative actions against plaintiff as a result of his speech and political activity during the election campaign for Orange County Sheriff-Coroner.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. In order to prove that defendant Carona deprived plaintiff of his First Amendment rights, plaintiff must prove the following elements by a preponderance of the evidence:

1.   That plaintiff spoke as a citizen and not as part of his official duties;

2.   That plaintiff's speech was on a matter of public concern;

3.   That defendant Carona took adverse employment action against plaintiff; and

4.   That plaintiff's speech was a substantial or motivating factor for the adverse employment action.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from

engaging in protected activity.

A substantial or motivating factor is a significant factor.

# INSTRUCTION NO. 17

I instruct you that the following forms of speech are made as a citizen and not as part of his official duties:

(1) Speech on a campaign website or in other campaign materials and literature;

(2) Speech in a radio interview, unless the employee is required or directed pursuant to his employment responsibilities to make such speech on the radio or is paid by his governmental employer to make such speech on the radio;

(3) Speech made in a campaign e-mail;

(4) Speech included in a campaign platform;

(5) Speech made in a campaign candidate's forum;

(6) Speech in a newspaper interview, unless the employee is required or directed pursuant to his employment responsibilities to make such speech in a newspaper interview or is paid by his governmental employer to make such speech in a newspaper interview.

**INSTRUCTION NO. 18**

I instruct you that the following are matters of public concern:

(1) Non-confidential information regarding proper training of law enforcement officers, including training law enforcement officers in proper contacts with mentally ill suspects;

(2) Insuring that promotions and other career opportunities in the Orange County Sheriff's Department ("OCSD") are based on merit, rather than cronyism;

(3) Corruption among law enforcement officials;

(4) The caliber of individuals chosen by Carona for appointment as assistant sheriffs and captains;

(5) Whether any of the candidates for Sheriff-Coroner had a history of poor decisions;

(6) Whether Reserve Deputies in the OCSD possessed the requisite qualifications;

(7) The public's perception of and confidence in the OCSD;

(8) Whether any candidate for Sheriff-Coroner had the requisite leadership skills to serve in that position;

(9) Whether employees or former employees of the OCSD leaked confidential information regarding the arrest of a deputy sheriff;

(10) Whether leaders in the OCSD had sexually harassed or had inappropriate sexual contact with employees whom they supervised;

(11) Whether any candidate for Sheriff-Coroner or any other position received illegal campaign donations;

(12) The amount of public funds spent on public employee pensions;

(13) The number of deputy sheriffs employed by the department and the number of vacancies in that position;

(14) The response time of the OCSD;

(15) The funding, management, and efficiency of the OCSD's drug treatment program;

(16) Policies regarding the use of force on mentally ill suspects;

(17) Non-confidential information regarding whether employees of the OCSD received sufficient training and equipment to recognize the indicators associated with mental illness;

(18) Policies regarding how deputy sheriffs should react when confronting a suspect who is an illegal immigrant.

**INSTRUCTION NO. 19**

The plaintiff was served with a Notice of Pending Demotion, which proposed to demote plaintiff from the position of Lieutenant to the rank of Deputy Sheriff II based on violations of the Sheriff's Department's Manual of Rules and Regulations related to the content of Hunt's election communications. The parties stipulate that the subsequent Notice of Demotion sustained the violations alleged in the Notice of Pending Demotion without modification. I instruct you that the demotion was an adverse employment action.

The Notice of Pending Demotion dated October 31, 2006 includes descriptions of ten instances of speech by Hunt. I instruct you that these ten instances of speech, cumulatively, were substantial and motivating factors for the adverse employment action.

**INSTRUCTION NO. 20**

Defendant Michael Carona has asserted as a defense to plaintiff's First Amendment claim that political loyalty was an appropriate requirement for the effective performance of the public office that plaintiff William Hunt held. You are asked to decide certain questions regarding the plaintiff's job responsibilities and authority. The court will then make the necessary legal determination regarding the defendant's defense.

You will be given questions to answer regarding plaintiff's job responsibilities and authority identified as "Special Interrogatories Set #1." For each question, you must reach a unanimous decision as to whether the question should be answered "yes" or "no." Each question must be answered unless you cannot reach a unanimous decision as to that question. All questions do not have to be answered "yes," nor do all questions have to be answered "no." Some may be answered "yes" and some may be answered "no." In answering the questions, you should apply the preponderance of the evidence standard about which I have previously instructed you.

You should complete Special Interrogatories Set #1 as the first order of business during your deliberations. Once you have completed Special Interrogatories Set #1, your presiding juror will sign and date the form and inform the court that you are ready to provide your answers to these questions to the court. You must complete Special Interrogatories Set #1, and inform the court that you have done so, before proceeding with the remainder of your deliberations, but you may review all of the instructions before completing Special Interrogatories Set #1.

# INSTRUCTION NO. 21

Defendant Michael Carona has asserted as a defense to plaintiff's First Amendment claim that the statements that are cited in the Notice of Pending Demotion caused or were reasonably predicted to cause an actual, material, and substantial disruption in the workplace that outweighed the First Amendment value of the speech. You are asked to decide whether the statements caused actual, material, and substantial disruption in the workplace or whether defendant reasonably predicted that they would cause an actual, material, and substantial disruption. The court will then conduct the necessary balancing of any disruption found against plaintiff's First Amendment interests.

In evaluating whether the speech referenced in the Notice of Pending Demotion caused actual, material, and substantial disruption or whether defendant reasonably predicted that it would cause actual, material, and substantial disruption, you may consider the following factors:

(1) whether the speech impaired discipline or control by superiors;

(2) whether the speech disrupted co-worker relations;

(3) whether the speech eroded a close working relationship premised on personal loyalty and confidentiality;

(4) whether the speech interfered with the speaker's performance of his or her duties;

(5) whether the speech obstructed regular office operations.

(6) whether the speaker made the statement in the workplace;

27

(7) whether the speaker served in a high-level, policy-making capacity;

(8) whether the statement was false or made with reckless disregard of the truth; and

(9) whether the speech caused disharmony.

While you should consider each factor, you should determine whether the speech caused an actual, material, and substantial disruption by judging the totality of the circumstances. No single factor is dispositive.

You will be given questions to answer regarding the extent and nature of disruption that plaintiff's speech caused, or was reasonably predicted to cause, identified as "Special Interrogatories Set #2." For each question, you must reach a unanimous decision as to whether the question should be answered "yes" or "no." Each question must be answered unless you cannot reach a unanimous decision as to that question. All questions do not have to be answered "yes," nor do all questions have to be answered "no." Some may be answered "yes" and some may be answered "no." In answering the questions, you should apply the preponderance of the evidence standard about which I have previously instructed you. The court will review the responses to make legal determinations concerning the § 1983 claim.

You should complete Special Interrogatories Set #2 as the second order of business during your deliberations. Once you have completed Special Interrogatories Set #2, your presiding juror will sign and date the form and inform the court that you are ready to provide your answers to these questions to the court. You must complete Special Interrogatories Set #2, and inform the court that you have done so, before proceeding with the remainder of the deliberations, but you may review all of the instructions before completing Special Interrogatories Set #2.

1
2
3
4
5
6
7
8
9
10
11
12
13 **DAMAGES**
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTION NO. 22

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff on his claim, you must determine plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by defendants. You should consider the following:

1.     The reasonable value of earnings and retirement benefits lost to the present time;

2.     The reasonable value of wages, earnings, earning capacity, salaries, retirement benefits, and employment that will be lost in the future;

3.     The mental and emotional pain and suffering and humiliation experienced by plaintiff to the present time;

4.     The mental and emotional pain and suffering and humiliation that plaintiff will experience in the future.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**INSTRUCTION NO. 23**

A constructive discharge occurs when the working conditions are so intolerable that a reasonable person in plaintiff's position would feel compelled to resign.

## INSTRUCTION NO. 24

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

    1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

    2.    the amount by which damages would have been mitigated.

**INSTRUCTION NO. 25**

Any award for future economic damages must be for the present cash value of the future economic damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

# INSTRUCTION NO. 26

The law which applies to this case authorizes an award of nominal damages. If you find for plaintiff but you find that plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**INSTRUCTION NO. 27**

If you find for plaintiff on his § 1983 claim against defendant, you must determine whether he has proven an entitlement to punitive damages.  The purpose of punitive damages is to punish defendant and deter him and others from committing similar acts in the future.

Plaintiff has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.  You may award punitive damages only if you find that defendant's conduct was malicious, oppressive, or in reckless disregard of plaintiff's rights.

Conduct is "malicious" if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.

Conduct is "oppressive" if it is done in a manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or the misfortunes of another person.

Conduct is in "reckless disregard" of a person's rights if, under the circumstances, it reflects complete indifference to the person's safety, rights, or the defendant acts in the face of a perceived risk that his actions will violate the person's rights under federal law.

1

2

3

4

5

6

7

8

9

10

11

12

13             **CONCLUDING INSTRUCTIONS**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 28**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 29**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 30

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the court.

If you find that the plaintiff has proved by a preponderance of the evidence that the defendant is liable for violating his federal constitutional rights, you are directed to consider and answer the questions set forth on Special Interrogatories Set #3. For each question, you must reach a unanimous decision as to whether the question should be answered "yes" or "no." Each question must be answered unless you cannot reach a unanimous decision as to that question. All questions do not have to be answered "yes," nor do all questions have to be answered "no." Some may be answered "yes" and some may be answered "no." In answering the questions, you should apply the preponderance of the evidence standard about which I have previously instructed you. The court will review the responses to make legal determinations concerning the § 1983 claim.

**DATED**: October 13, 2009

_Margaret M. Morrow_
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE